NOT DESIGNATED FOR PUBLICATION

No. 125,057

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHERIDAN COUNTY HEALTH COMPLEX,
*Appellant*,

v.

JEFFREY PARSONS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sheridan District Court; KEVIN BERENS, judge. Opinion filed December 9, 2022. Affirmed in part, reversed in part, and remanded with directions.

*Quentin M. Templeton* and *Frankie J. Forbes*, of Forbes Law Group, LLC, of Overland Park, for appellant.

*Jeffrey Parsons*, appellee pro se.


Before HURST, P.J., MALONE and BRUNS, JJ.


PER CURIAM: The Sheridan County Health Complex (Hospital)—which is located in Hoxie—appeals the district court's granting of summary judgment in favor of Jeffrey Parsons in this breach of contract action. This action arises out of a written agreement under which the Hospital loaned Parsons $42,000 in exchange for his promise to practice in Hoxie upon completion of an Advanced Practice Registered Nurse (APRN) program in which he was enrolled. Prior to completing the program, Parsons notified the Hospital of his intent to move to and practice in another community.

1

Viewing Parsons' actions to be a default of the written agreement, the Hospital filed a lawsuit seeking to recover the amount it had loaned to him plus interest at the contract rate. In its petition the Hospital asserted a claim for breach of contract or, in the alternative, for unjust enrichment. Ultimately, the district court denied the Hospital's motion for summary judgment. Instead, the district court granted judgment as a matter of law to Parsons even though he had not moved for summary judgment. Finding that there are genuine questions of material fact that preclude the entry of judgment as a matter of law on behalf of either party, we affirm in part, reverse in part, and remand to the district court for further proceedings.

FACTS

The Hospital entered into a written agreement with Parsons—which became effective on January 1, 2016—in which it agreed to loan him $1,000 per month for a period of 12 months in exchange for him agreeing to "commence and continue the practice of medicine in Hoxie, Kansas for a period of 18 continuous months." Parsons was to commence practicing in Hoxie within 90 days after completion of an APRN program in which he was enrolled. The loan agreement further provided that if Parsons fulfilled his obligation to practice in Hoxie, the Hospital would forgive the loan plus the interest. However, in the event of his default under the terms of the agreement, Parsons would be obligated to repay the outstanding balance of the loan plus interest at the rate of 10 percent per annum.

Subsequently, the loan agreement was modified and extended in 2017, 2018, and 2019 by way of a series of written addendums. In consideration for the receipt of the additional monthly loans, Parsons agreed to extend the time in which he would practice in Hoxie by an additional 12 months. Moreover, each of the addendums clarified that Parsons would "practice full time medicine in Hoxie, Kansas for the Sheridan County Health Complex."

It is undisputed that the Hospital continued to loan Parsons $1,000 per month up until May 2019, and that he accepted the funds. It is also undisputed that between January 2016 and May 2019, the Hospital loaned to Parsons a total of $42,000 in exchange for his commitment to practice as an APRN for the Hospital. Furthermore, it is undisputed that Parsons has never commenced the practice of medicine at the Hospital, in Hoxie or anywhere else in Sheridan County. Likewise, it is undisputed that Parsons has not repaid any of the funds loaned to him by the Hospital to complete his APRN program.

In January 2019, the Hospital sent Parsons a "sample employment agreement" in anticipation of the upcoming completion of his APRN program. Because it is not included in the record on appeal, we do not know what was and was not included in this document. However, it does not appear from the record that Parsons responded to the Hospital at that time. Instead, Parsons notified the Hospital in June 2019 that he was relocating to Smith County and had signed a letter of intent to practice as an APRN at Smith County Memorial Hospital. Viewing Parsons actions to be a default of the terms of the loan agreement, the Hospital sent a written notice indicating that he was in breach of contract. It does not appear that Parsons responded to the notice of default or subsequent demands sent to him by the Hospital.

On August 15, 2019, Parsons finally completed his APRN program. Shortly thereafter, Parsons began working as an APRN at Smith County Memorial Hospital as he had previously informed the Hospital that he intended to do. Several months later, in November 2019, Parsons sent an email to the Hospital claiming that it was in default of the loan agreement for failing to adequately advise him of the requirements necessary to fulfill his practice obligations. Evidently, Parsons was receptive to the possibility of working on weekdays in Smith County and working on weekends in Sheridan County. In response, the Hospital contended that it had made several attempts to finalize the details of Parson's employment but that those efforts had proved to be unsuccessful.

3

The Hospital filed this action against Parsons on June 5, 2020. In its petition, the Hospital claimed that Parsons had breached the terms of the loan agreement. In the alternative, the Hospital asserted that Parsons should have to repay the loan under a theory of unjust enrichment. Although Parsons filed a pro se answer to the petition, he did not assert a counterclaim against the Hospital.

In November 2020, the Hospital moved for summary judgment as a matter of law. Parsons filed a response to the motion for summary judgment but did not file his own motion. The district court held a hearing on the Hospital's summary judgment motion in April 2021. At the end of the hearing, the district court took the motion under advisement. On December 23, 2021, the district court entered an order denying the Hospital's motion for summary judgment. Additionally, the district court concluded sua sponte that the Hospital had breached the terms of the loan agreement by prematurely declaring default. According to the district court, Parsons had not made "a clear and unequivocal refusal to perform under the Agreement."

At a status conference held on February 7, 2022, the district court attempted to explain its previous order. In particular, the district court stated that it had "found . . . as a matter of law [the Hospital does not] have any cause of action against Mr. Parsons because the [H]ospital's the one that breached the contract." The district court also found that the Hospital was not entitled to recover under an unjust enrichment or quantum meruit theory. Finally, the district court concluded that Parsons did not have a remedy against the Hospital "because he didn't seek any remedy in this Court, and the matter is resolved." Later that day, the district court entered a journal entry of judgment in favor of Parsons.

Thereafter, the Hospital filed a timely notice of appeal.

4

ANALYSIS

On appeal, the Hospital contends that the district court erred by denying its motion for summary judgment and in sua sponte granting Parsons judgment as a matter of law. In response, Parsons contends that the district court did not err either by denying the Hospital's summary judgment motion or by granting him judgment as a matter of law. Based on our review of the record, we conclude that there are genuine issues of material fact that prevented the entry of summary judgment on behalf of either party.

The standard for considering motions for summary judgment is the same for district courts and appellate courts:

> "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that *no genuine issue exists as to any material fact* and *the moving party is entitled to judgment as a matter of law*. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling is sought. When opposing summary judgment, a party must produce evidence to establish a dispute as to a material fact. *In order to preclude summary judgment, the facts subject to dispute must be material to the conclusive issue in the case*. Appellate courts apply the same rules and, *where* they find *reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment is inappropriate*. Appellate review of the legal effect of undisputed facts is de novo. [Citation omitted.]" (Emphases added.) *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

We exercise unlimited review over the interpretation and legal effect of written instruments such as the loan agreement entered into by the Hospital and Parsons, and we are not bound by the district court's rulings. See *Born v. Born*, 304 Kan. 542, 554, 374 P.3d 624 (2016). Whether a contract was formed is a question of fact. *U.S.D. No. 446 v. Sandoval*, 295 Kan. 278, 282, 286 P.3d 542 (2012). The question of whether a contract was breached is also a question of fact. *Peterson v. Ferrell*, 302 Kan. 99, 104, 349 P.3d

5

1269 (2015). Similarly, "[w]hether any action of one party is sufficient to constitute a repudiation of the contract and amount to an anticipatory breach is a question of fact for the jury." *Stephens v. Trust for Public Land*, 479 F. Supp. 2d 1341, 1354 (N.D. Ga. 2007); see *Young v. Hefton*, 38 Kan. App. 2d 846, Syl. ¶ 9, 173 P.3d 671 (2007).

In interpreting the provisions of a written agreement, we do not isolate a particular word, sentence, or provision. Instead, we are to construe and consider the language used in the whole agreement. *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1206, 308 P.3d 1238 (2013). The law also favors a reasonable interpretation of written agreements, and we are to avoid an interpretation that invalidates the purpose of the agreement. *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 963, 298 P.3d 250 (2013). Additionally, we are not to find a disputed term in a written agreement to be ambiguous unless the intent of the parties cannot be determined under a reasonable interpretation. *Geer v. Eby*, 309 Kan. 182, 192, 432 P.3d 1001 (2019).

Here, we find the terms of the written loan agreement to be plain and unambiguous. On the one hand, the Hospital agreed to loan Parsons money to complete his APRN program so he could practice his profession in a full-time capacity to serve patients at its health care facility in Hoxie. On the other hand, Parsons agreed to commence full-time employment as an APRN with the Hospital upon completing his studies and ultimately agreed to continue do so for a period of 30 months. As a result, the question is not whether terms of the loan agreement are unclear but whether one or both parties breached their obligations and, if so, what is the appropriate remedy. These types of questions can rarely—if ever—be decided by way of summary judgment.

One of the primary disputed issues of material fact precluding summary judgment in this case is whether Parsons' notice to the Hospital that he was moving to Smith County and had signed a letter of intent to practice at Smith County Community Hospital constituted an anticipatory breach of his obligations under the terms of the loan

6

agreement. In particular, it should be left to the finder of fact to determine whether these actions rise to the level of "'a clear and unequivocal refusal to perform'" his contractual obligations. See *Burcham v. Unison Bancorp, Inc.*, 276 Kan. 393, 408, 77 P.3d 130 (2003); see also *Barnett v. Oliver*, 18 Kan. App. 2d 672, 683, 858 P.2d 1228 (1993) (person commits an anticipatory breach by clearly showing an intention not to perform before the performance is due). If the trier of fact determines that there has been an anticipatory breach, it is to be treated the same as a completed breach of contract. See *Hawkinson v. Bennett*, 265 Kan. 564, 602, 962 P.2d 445 (1998) (when one party has been notified of an anticipatory breach by the other party, the notified party has the right to treat the repudiation as an immediate breach of contract and sue for damages).

Of course, the Hospital was also required to provide Parsons with a job as an APRN as part of its contractual obligations. Perhaps—depending on what the finder of fact determines regarding the alleged anticipatory breach of the agreement by Parsons— the Hospital was relieved of this obligation. Even if it was not, the parties still dispute whether the Hospital actually offered him a position as an APRN. Parsons claims that he requested an employment contract several times and sought clarification regarding his job description and salary. But the Hospital disputes this allegation and asserts that it was prepared to move forward with Parsons' employment as an APRN. Again, this is a question for the trier of fact to resolve.

Although the Hospital argues that the district court erred in failing to grant it summary judgment as a matter of law, we do not find this to be true. In this case, the disputed issues of material fact preclude both parties from receiving judgment as a matter of law. Certainly, there are a number of facts that are undisputed. But—as discussed above—there are genuine issues of material fact regarding whether one or both parties breached their obligations under the terms of the loan agreement. In particular, as it relates to the Hospital's motion for summary judgment, there is a dispute of material fact

7

about whether the Hospital's actions were sufficient to fulfill its obligation to provide Parsons with a full-time position as an APRN.

In summary, it is undisputed that the Hospital conferred a significant benefit on Parsons by loaning him $42,000 to complete his APRN program. It is also undisputed that Parsons accepted these payments, completed his APRN program, and never commenced employment with the Hospital. Regardless, there are also disputed issues of material fact that preclude the entry of summary judgment on behalf of either party. These factual issues include—but are not necessarily limited to—whether Parsons' actions constituted an anticipatory breach of contract; whether the Hospital fulfilled its obligations under the terms of the loan agreement; and, whether the Hospital prevented Parsons from fulfilling his obligations under the agreement. Consequently, we affirm the district court's decision denying the Hospital's motion for summary judgment, we reverse the district court's decision granting Parsons judgment as a matter of law, and we remand this matter to the district court for further proceedings.

Affirmed in part, reversed in part, and remanded with directions.